IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

EDWARD C. KNITTEL,

    Plaintiff,

v.                                                                                               No. 07-cv-1213

INTERNAL REVENUE SERVICE,

    Defendant.

_____

ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION
TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT
_____

On November 30, 2007, the *pro se* Plaintiff, Edward Knittel, initiated a civil action against the Internal Revenue Service ("IRS") appealing its denial of certain requests he made under the Freedom of Information Act ("FOIA") and alleging violations of his right to due process in conjunction with the IRS's administrative proceedings. The IRS since has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative for summary judgment under Fed. R. Civ. P. 56. After considering the arguments of the parties, the Court GRANTS in part and DENIES in part this motion.

STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a lawsuit for failure to state a claim upon which relief can be granted. In order for cause of action to survive a motion to dismiss under Rule 12(b)(6), it need not necessarily be pleaded with "detailed factual

1

allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citations omitted).  Factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Id. at 555-56 (citations omitted).  The key inquiry is whether the facts in the complaint set out "a claim to relief that is plausible on its face." Id. at 570.  In Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the United States Supreme Court explained that analysis under Rule 12(b)(6) requires a two-pronged approach.  First, the reviewing court should determine what allegations within the complaint can be classified as "legal conclusions" and disregard them for purposes of deciding the motion. Id. at 1949.  Second, the court should evaluate the remaining portions of the complaint–i.e. the well-pleaded facts–and ascertain whether they give rise to a "plausible suggestion" of a claim. Id. at 1950.  The court "must accept as true all of the factual allegations contained in the complaint," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Erickson v. Pardus, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Twombly, 550 U.S. at 556 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949 (citation omitted).  *Pro se* complaints should be read liberally and not dismissed unless it is apparent that no set of facts can be proved that would entitled the claimant to relief.  Haines v. Kerner, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972).

Because the Defendant has presented matters outside the pleadings with regard to some claims, the Court will treat these portions of its motion as one for summary judgment under Rule 56(c). See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). The Federal Rules provide that

> judgment . . . should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharms, Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the Court views the evidence in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). When the motion is supported by documentary proof, such as depositions and affidavits, the nonmoving party may not rest on the pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324; see also Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir.1998). It is insufficient for the nonmoving party "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex,

477 U.S. at 322. In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [an] asserted cause[] of action." Lord v. Saratoga Capital, Inc., 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)). Finally, the "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

ANALYSIS

Knittel is involved in a dispute with the IRS regarding his tax obligations. (Docket Entry ("D.E.") No. 1, Complaint, at ¶ 9.) He has raised four issues, each of which be addressed separately below.

I.      Plaintiff's FOIA Request Concerning Information About IRS Employees

On July 26, 2007, Knittel made a request pursuant to FOIA seeking information about three IRS employees, whom he identified by their employee identification number. Specifically, he requested the following:

1. Each of their IRS identification document [sic] such as they are required to have that identifies them by name and position held and such other information there contained.
2. Each of their pocket commissions.
3. Each of their IRS form 5873 filed to grant them an IDRS account.
4. Each of their Delegation of Authority Order(s) granting them authority to execute returns under the authority granted the Secretary in 26 USC 6020(b)[.]

(D.E. 1, Ex. A.) This request was received by the IRS's Nashville (Tennessee) Disclosure Office and forwarded to the Atlanta (Georgia) Disclosure Office. (D.E. 1, Ex. B.) On August 3, 2007, the Plaintiff's request was denied on the basis that "[t]he name of the IRS employee associated with a specific IDRS identification number is protected under FOIA exemption (b)(6)," which protects

4

personal privacy. (Id.) Knittel then appealed their determination to the IRS Appeals Office in Fresno, California, which affirmed the denial of his FOIA request on the same grounds. (D.E. 1, Ex. C, D.) The Plaintiff subsequently filed a complaint in this Court for review of the agency's decision pursuant to the Administrative Procedures Act ("APA"). After he filed this lawsuit, the IRS disclosed the names and positions held by its three employees with the corresponding identification numbers in the Plaintiff's request. (D.E. 18, Notice of Release.)

The Court must conduct a de novo review of the denial of a FOIA request. 5 U.S.C. § 552(a)(4)(B). In general, FOIA directs every federal agency to "promptly make available upon request records reasonably described." Rugiero v. United States DOJ, 257 F.3d 534, 543 (6th Cir. 2001) (citing § 552(a)(3)(A)). This Act embodies "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." Id. (quoting Dep't of the Air Force v. Rose, 425 U.S. 352, 360-61, 96 S. Ct. 1592, 48 L. Ed. 2d 11 (1976)). In order to withhold or limit the availability of a record that has been requested, an agency bears the burden of showing that a specific statutory exception applies. Id. (citing § 522(a)(4)(B), (d); Dep't of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 121 S. Ct. 1060, 1065, 149 L. Ed. 2d 87 (2001)).

In an attempt to establish that the materials requested by the Plaintiff are not subject to disclosure, the Defendant relies on § 552(b)(6), which exempts "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The Sixth Circuit has laid out a two-part test for determining whether requested materials fall under this personal privacy exception: "(1) whether the file includes personnel, medical, or 'similar' data; and (2) if so, whether disclosure constitutes a 'clearly unwarranted' invasion of

privacy." Rugiero, 257 F.3d at 550 (citing Heights Cmty. Cong. v. Veterans Admin., 732 F.2d 526, 528 (6th Cir. 1984)). The first part of this test may be satisfied by showing that the requested materials consist of "records on an individual which can be identified as applying to that individual." Id. (citing Heights Cmty. Cong., 732 F.2d at 528). The second aspect involves a balancing test whereby the Defendant must show that the privacy interest at stake outweighs the public interest promoted through disclosure. Id. (citing Heights Cmty. Cong., 732 F.2d at 529).

In this case, the initial prong is satisfied because it is apparent, from the nature of the Plaintiff's request, that the information sought pertains to identifiable individuals. As to the second requirement of the test, however, the IRS has submitted no evidence regarding the alleged privacy interests. In fact, the Defendant has not provided this Court with any guidance as to the nature of the materials requested or their contents.[1] Without knowing the general substance of the information for which disclosure is sought, the Court is unable to assess the privacy interests at stake, and therefore is unable to conduct the requisite balancing test.

The Sixth Circuit has described the necessary procedural steps in a typical FOIA case[2] in the following way:

> Procedurally, district courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery. Jones v. FBI, 41 F.3d 238, 242 (6th Cir. 1994). This posture creates a situation in which a plaintiff must argue that the

---

[1] For example, the Plaintiff requested the employees' "IRS form 5873 filed to grant them an IDRS account." (D.E. 1, Ex. A.) The Defendant has not indicated what information would be customarily contained on these forms, or if such documents even exist with regard to these employees.

[2] FOIA also gives the Court discretion to conduct an in camera review of documents, § 552(a)(4)(B), but the Sixth Circuit has cautioned that this procedure should be used "sparingly, when no other procedure allows review of the agency's response to a FOIA request." Rugiero, 257 F.3d at 543-44. Summary judgment is the preferable method of disposition. Id.

6

> agency's withholdings exceed the scope of the statute, although only the agency is in a position to know whether it has complied with the FOIA unless the court reviews a potentially massive number of documents in camera. Id. One means developed to address this situation is the use of a "Vaughn index," a routine device through which the agency describes the documents responsive to a FOIA request and indicates the reasons for redactions or withholdings in sufficient detail to allow a court to make an independent assessment of the claims for exemptions from disclosure under the Act. Id. at 241-42; Vaughn v. Rosen, 157 U.S. App. D.C. 340, 484 F.2d 820 (D.C. Cir. 1973). Ordinarily, the agency may justify its claims of exemption through detailed affidavits, which are entitled to a presumption of good faith. Jones, 41 F.3d at 242 (citing United States Dep't of State v. Ray, 502 U.S. 164, 179, 116 L. Ed. 2d 526, 112 S. Ct. 541 (1991)). Evidence of bad faith on the part of the agency can overcome this presumption, even when the bad faith concerns the underlying activities that generated the FOIA request rather than the agency's conduct in the FOIA action itself. 41 F.3d at 242-43. Unless evidence contradicts the government's affidavits or establishes bad faith, the court's primary role is to review the adequacy of the affidavits and other evidence. [Ingle v. Dep't of Justice, 698 F.2d 259, 267 (6th Cir. 1983)] (quoting Cox v. United States Dep't of Justice, 576 F.2d 1302, 1312 (8th Cir. 1978)); Silets v. United States Dep't of Justice, 945 F.2d 227, 231 (7th Cir. 1991) (citing Kimberlin v. Dep['t] of Treasury, 774 F.2d 204 (7th Cir. 1985)). "If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the government's position." Ingle, 698 F.2d at 265 (quoting Cox, 576 F.2d at 1312).

Rugiero, 257 F.3d at 544 (emphasis added). In this case, the IRS has not submitted a Vaughn index or any affidavits that specifically indicate its reasons for non-disclosure. Thus, it has failed to explain, through an evidentiary showing, its reasons for denial "in sufficient detail to allow a court to make an independent assessment of the claims for exemptions from disclosure under the Act." Id. (citing Jones, 41 F.3d at 241-42; Vaughn, 484 F.2d 820).

In an attempt to circumvent its burden of production, the Defendant argues that FOIA only requires that it disclose information about employees that falls under one of the categories listed at 5 C.F.R. § 293.311(a)(1)-(6). It claims to have released to Knittel all the requested information, which is mandated under FOIA, by disclosing the names and positions of the employees in question. However, the full text of the cited regulation is as follows:

7

> (a) The following information from both the OPF and employee performance file system folders, their automated equivalent records, and from other personnel record files that constitute an agency record within the meaning of the FOIA and which are under the control of the Office, about most present and former Federal employees, is available to the public:
> (1) Name;
> (2) Present and past position titles and occupational series;
> (3) Present and past grades;
> (4) Present and past annual salary rates (including performance awards or bonuses, incentive awards, merit pay amount, Meritorious or Distinguished Executive Ranks, and allowances and differentials);
> (5) Present and past duty stations (includes room numbers, shop designations, or other identifying information regarding buildings or places of employment); and
> (6) Position descriptions, identification of job elements, and those performance standards (but not actual performance appraisals) that the release of which would not interfere with law enforcement programs or severely inhibit agency effectiveness. Performance elements and standards (or work expectations) may be withheld when they are so interwined [sic] with performance appraisals that their disclosure would reveal an individual's performance appraisal.
> (b) The Office or agency will generally not disclose information where the data sought is a list of names, present or past position titles, grades, salaries, performance standards, and/or duty stations of Federal employees which, as determined by the official responsible for custody of the information:
> (1) Is selected in such a way that would reveal more about the employee on whom information is sought than the six enumerated items, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; or
> (2) Would otherwise be protected from mandatory disclosure under an exemption of the FOIA.
> (c) <u>In addition to the information described in paragraph (a) of this section, a Government official may provide other information from these records (or automated equivalents) of an employee</u>, to others outside of the agency, under a summons, warrant, subpoena, or other legal process; as provided by the Privacy Act (5 U.S.C. 552a(b)(4) through (b)(11)), under those Privacy Act routine uses promulgated by the Office, and <u>as required by the FOIA</u>.

§ 293.311 (emphasis added). While subsection (a) of this regulation outlines the types of information customarily subject to disclosure, subsection (c) clearly indicates that the list is not meant to be exhaustive. Thus, the Defendant is still required to submit sufficient proof to establish that disclosure of the other information requested by the Plaintiff would infringe an individual's privacy interest to the extent that the public interest in free disclosure should be considered

subordinate.[3] Rugiero, 257 F.3d at 550. Because the Defendant has failed to make a sufficient evidentiary showing to establish that a specific exception applies to the materials referenced in the Plaintiff's FOIA request, it has not met its burden of proof establishing that it is entitled to summary judgment.

    II.    <u>Plaintiff's Request for an Office Examination</u>

On June 29, 2007, the IRS sent Knittel a letter advising him that it had "no record of receiving [his] federal income tax return for the [tax period ending in 2003] or the return[] received was not valid." (D.E. 1, Ex. E.) This letter stated that, if Knittel failed to respond within thirty days, the IRS would issue a Notice of Deficiency ("NOD"). (Id.) It defined an NOD as "a legal notice stating the amount of the proposed tax increase and penalties, and explaining your right to file a petition with the United States Tax Court." (Id.) In a letter dated July 18, 2007, Plaintiff responded by claiming that he believed the IRS's letter contained several errors, and he requested an office examination at the Jackson, Tennessee office, pursuant to 26 C.F.R. § 601.105.[4] (D.E. 1, Ex. F.)

---

[3]Additionally, the Defendant has not even submitted a sworn affidavit indicating that, of the information within the materials requested by the Plaintiff, only the employees' names and positions fall into one of the categories listed at § 293.311(a)(1)-(6).

[4]This provision provides as follows:
(2) Office examination – (i) Adjustments by Examination Division at service center. Certain individual income tax returns identified as containing potential unallowable items are examined by Examination Divisions at regional service centers. Correspondence examination techniques are used. If the taxpayer requests an interview to discuss the proposed adjustments, the case is transferred to the taxpayer's district office. If the taxpayer does not agree to proposed adjustments, regular appellate procedures apply.
(ii) Examinations at district office. Certain returns are examined at district offices by office examination techniques. These returns include some business returns, besides the full range of nonbusiness individual income tax returns. Office examinations are conducted primarily by the interview method. Examinations are conducted by correspondence only when warranted by the nature of the questionable

On August 14, 2007, the IRS issued an NOD alleging a deficiency in the amount of $9,283 for the year ending in 2003. (D.E. 1, Ex. G.) The NOD provided the following instructions: "If you want to contest this determination in court before making any payment, you have until the <u>Last Date to Petition Tax Court</u> (90 days from the date of this letter or 150 days if the letter is addressed to you outside the United States) to file a petition with the United States Tax Court for a determination of the amount of your tax." (<u>Id.</u> (emphasis in original).) On August 21, 2007, Knittel wrote a letter entitled "Request for Appeals Review" in which he complained that the August 14 NOD was issued before his request for an office interview was honored. (D.E. 1, Ex. H.)

The Plaintiff now argues in this Court that the IRS's issuance of the NOD prior to permitting him to participate in an office interview infringed his procedural due process rights pursuant to the Fifth Amendment. The Fifth Amendment provides, in relevant part, that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." In this case, the Plaintiff does not explicitly state what liberty or property interest allegedly serves as the basis of his procedural due process claim.[5] Under these circumstances, the property or liberty interest at stake must be the

---

items and by the convenience and characteristics of the taxpayer. In a correspondence examination, the taxpayer is asked to explain or send supporting evidence by mail. In an office interview examination, the taxpayer is asked to come to the district director's office for an interview and to bring certain records in support of the return. During the interview examination, the taxpayer has the right to point out to the examiner any amounts included in the return which are not taxable, or any deductions which the taxpayer failed to claim on the return. If it develops that a field examination is necessary, the examiner may conduct such examination.
26 C.F.R. § 601.105.

[5]In considering a claim for violation of procedural due process, the Court must first determine "whether the interest at stake is within the Fourteenth Amendment's protection of liberty and property." <u>Hamilton v. Myers</u>, 281 F.3d 520, 529 (6th Cir. 2002) (citing <u>Ferencz v. Hairston</u>, 119 F.3d 1244, 1247 (6th Cir. 1997)). The Supreme Court has explained:
   To have a property interest in a benefit, a person clearly must have more than an

amount in back taxes that Knittel purportedly owes or, put another way, an interest in having the interview conducted before his tax liability is assessed. Because the dispute underlying the Plaintiff's due process claim solely concerns his tax liability, however, this Court finds that it lacks subject matter jurisdiction to hear the claim.[6]

Congress has conferred exclusive jurisdiction over certain matters related to tax liability to the Tax Court. See 26 U.S.C. § 6330(b), (d)(1) (conferring on taxpayers the right to an administrative due process hearing before the IRS Appeals Office and allowing the taxpayer to "appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)"). Courts within this Circuit have held that "the Tax Court has jurisdiction over income tax issues and liabilities . . . thus, if [a due process hearing pursuant to § 6330] involves income tax issues, the district court does not have jurisdiction to consider the case." White v. United States, 250 F. Supp. 2d 919, 922 (M.D. Tenn. 2003) (quoting Diefenbaugh v. Weiss, No. 00-3344,

---

abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law -- rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). After establishing a protected property interest, the plaintiff must then show "such interest was abridged without appropriate process." Id. (quoting LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1108 (6th Cir. 1995))

[6]Although the Defendant has not objected on jurisdictional grounds, the Court may raise issues concerning subject matter jurisdiction *sua sponte*. See, e.g., Andrus v. Charlestone Stone Prod. Co., 436 U.S. 604, 607 n.6, 98 S. Ct. 2002, 56 L. Ed. 2d 570 (1978) (noting that the courts "have an obligation to consider the question [of subject matter jurisdiction] *sua sponte*").

2000 U.S. App. LEXIS 28056, 2000 WL 1679510, at *1 (6th Cir. Nov. 10, 2000)). Likewise, a procedural due process claim arising from the IRS's assessment and collection of taxes also must be brought in the Tax Court. Id.; see also Voelker v. Nolen, 365 F.3d 580, 581 (7th Cir. 2004) (affirming district court's dismissal for lack of subject matter jurisdiction where plaintiff alleged "IRS agents involved in his case had violated his due process rights by failing to follow statutory procedures in conducting his administrative hearing"); True v. Comm'r, 108 F. Supp. 2d 1361, 1364 n. 4 (M.D. Fla. 2000) (observing that a taxpayer was free to raise due process claims in the Tax Court). The Plaintiff alleges that the IRS failed to comply with certain provisions of the APA and its own regulations by not permitting an office examination and failing to provide notice. See 5 U.S.C. § 555(e); 26 C.F.R. § 601.105. Although, the only cognizable injury arising from such violations would be an assessment of tax liability. See Voelker, 365 F.3d at 581 (finding that, despite the plaintiff's contentions to the contrary, "the crux of his dispute with the IRS is obviously his income tax liability"). Even assuming the Plaintiff's allegations to be true, "the IRS's non-compliance does not vest jurisdiction over Plaintiff's tax liability and due process claims in this Court." White, 250 F. Supp. 2d at 922. Thus, the Plaintiff's due process claim is dismissed for lack of subject matter jurisdiction.

    III.    Plaintiff's Complaints About "Erroneous or Unauthorized" Documents in His Tax Records

In the section concerning his third cause of action, Knittel states:

Plaintiff seeks a declaration from this court that the § 6020(b) Certification [concerning his taxpayer account] is void as are all the documents based upon it, because it is not authorized. Plaintiff seeks judicial findings that the delegation of authority order [authorizing the officer of the IRS to make the certification], on which the Certification depends, does not exist . . . . Accordingly, Plaintiff requests injunctive relief from the court to expunge the documents from Plaintiff's tax

records.

(D.E. 1, Complaint, at ¶ 21; see also Ex. J.)  With this request for equitable relief, the Plaintiff apparently attempts to enjoin the IRS's reliance on certain documents in assessing his tax liability and collecting back taxes.  However, Congress has explicitly prohibited the district courts from awarding equitable relief in such actions.  The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court . . . ."  26 U.S.C. § 7421(a).  The Supreme Court has noted that the chief purpose of the this Act is to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in a suit for refund.'"  Bob Jones Univ. v. Simon, 416 U.S. 725, 736, 40 L. Ed. 2d 496, 94 S. Ct. 2038 (1974) (quoting Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7, 82 S. Ct. 1125, 8 L. Ed. 2d 292 (1962)).  Courts have found that the Anti-Injunction Act applies to suits by taxpayers for a declaration that the methods used by the IRS to compute deficiency are unlawful.  See, e.g., Campbell v. Guetersloh, 287 F.2d 878 (5th Cir. 1961).  In this case, the Plaintiff's request–that this court enjoin the IRS from considering certain documents–would have the effect of restraining the assessment of his tax liability.  This Court agrees with the observation that "collateral determination of the admissibility of evidence in an administrative tax proceeding or investigation is not a proper sphere for injunctive intervention in the exercise of equitable jurisdiction."  Koin v. Coyle, 402 F.2d 468, 470 (7th Cir. 1968) (quoting Zamaroni v. Philpott, 346 F.2d 365 (7th Cir. 1965)).  The Sixth Circuit has consistently held that the Anti-Injunction Act "applies to prohibit injunctions against the use by the IRS of particular types of evidence in

assessing and collecting taxes."[7] Daulton v. United States, 76 Fed. App'x 652, 654 (6th Cir. 2003) (citing Dickens v. United States, 671 F.2d 969 (6th Cir. 1982)). Because the Plaintiff's claim amounts to a request for equitable relief "for the purpose of restraining the assessment or collection" of taxes, the Anti-Injunction Act prevents this Court from exercising subject matter jurisdiction.

    IV.    <u>Plaintiff's Request for Certified Documents</u>

On February 6, 2007, the Plaintiff sent a FOIA request to the IRS for disclosure and certification of various documents. The IRS partially fulfilled his request by providing uncertified copies of the requested documents. (D.E. 1, Ex. Q.) In this suit, the Plaintiff only objects to the fact that the IRS declined to certify the documents, and not the substantive information that was or was not disclosed. Because the Defendant is correct that nothing in FOIA requires an agency to certify documents on request, this claim is without merit. The Plaintiff alleges a due process violation because "one of the most fundamental rights of the people is to obtain court admissible [sic] evidence in their defense." (D.E. 1, Complaint, at ¶ 28.) However, this argument is misplaced because the purpose of FOIA is totally unrelated to preparation of a legal defense. Rather, the Act is meant to ensure the general public's access to information held by government agencies. See Rose, 425 U.S. at 360-61 (stating that FOIA's purpose is "to pierce the veil of administrative secrecy and open agency action to the light of public scrutiny" and that it embodies "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language") (citations omitted). In assessing whether a FOIA request was properly denied, the Court

---

[7] There is an exception to this rule where two prerequisites are met: (1) the defendant is certain to lose and (2) the taxpayer has no adequate remedy at law. Dickens, 671 F.2d at 291 (citing Comm'r v. Shapiro, 424 U.S. 614, 627, 96 S. Ct. 1062, 47 L. Ed. 2d 278 (1976)). This exception does not apply here because the Plaintiff has not demonstrated certain success, and he has an adequate remedy, such as raising the argument in the Tax Court.

need only consider what is mandated by the Act and whether non-disclosure is supported by an exception. Thus, the Plaintiff's due process argument is unavailing, and his request was properly denied.

## CONCLUSION

For the reasons articulated herein, the Court **DENIES** the Defendant's motion to dismiss or alternatively for summary judgment with regard to the Plaintiff's July 26, 2007 FOIA request, but **GRANTS** the motion as to all of his other claims.

IT IS SO ORDERED this 20th day of July, 2009.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE